# UNITED STATES DISTRICT COURT
## Western District of Washington

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For **Revocation** of Probation or Supervised Release) |
| Charles Joseph Fain | Case Number: 3:01CR05120BHS-001 |
| | USM Number: 30585-086 |
| | Thomas A. Cena Jr. |
| | Defendant's Attorney |

**THE DEFENDANT:**

☐ admitted guilt to violation(s) _____ of the petitions dated 10/29/14

☑ was found in violation(s) _____ after denial of guilt.

The defendant is adjudicated guilty of these offenses:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| ~~1.~~ ACF | ~~Failing to maintain a single checking account~~ ACF | ~~10/29/14~~ ACF |
| 2. | Failing to disclose all assets ACF | 10/29/14 ACF |
| ~~3.~~ ACF | ~~Leaving the judicial district without permission~~ ACF | ~~10/29/14~~ ACF |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☑ The defendant has not ~~violated condition(s)~~ committed violations  1, 3  and is discharged as to such violation(s).

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

ANDREW C. FRIEDMAN
Assistant United States Attorney

November 24, 2014
Date of Imposition of Judgment

_/s/_
Signature of Judge

Benjamin H. Settle, U.S. District Judge
Name and Title of Judge

11/24/14
Date

AO245D   (Rev. 09/11) Judgment in a Criminal Case For Revocations
   Sheet 2 — Imprisonment

Judgment — Page 2 of 10

**DEFENDANT:**   **Charles Joseph Fain**
**CASE NUMBER:**   3:01CR05120BHS-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **Time Served**.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
   ☐ at _____ ☐ a.m. ☐ p.m. on _____.
   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ before 2 p.m. on _____.
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
   DEPUTY UNITED STATES MARSHAL

**DEFENDANT:** Charles Joseph Fain
**CASE NUMBER:** 3:01CR05120BHS-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: __EIGHT (8) MONTHS__

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug and/or alcohol test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight valid tests per month, pursuant to 18 U.S.C. § 3563(a)(5) and 18 U.S.C. § 3583(d).

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*
- ☐ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*
- ☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.
- ☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: **Charles Joseph Fain**
CASE NUMBER: 3:01CR05120BHS-001

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall submit his or her person, property, house, residence, storage unit, vehicle, papers, computers (as defined in 18 U.S.C.§ 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.

Restitution in the amount of $1,306,900 is due immediately. Any unpaid amount is to be paid during the period of supervision in monthly installments of not less than 10% of his or her gross monthly household income. Interest on the restitution shall not be waived.

The defendant shall provide the probation officer with access to any requested financial information including authorization to conduct credit checks and obtain copies of the defendant's federal income tax returns.

The defendant shall maintain a single checking account in his or her name. The defendant shall deposit into this account all income, monetary gains, or other pecuniary proceeds, and make use of this account for payment of all personal expenses. This account, and all other bank accounts, must be disclosed to the probation office.

If the defendant maintains interest in any business or enterprise, the defendant shall, upon request, surrender and/or make available, for review, any and all documents and records of said business or enterprise to the probation office.

The defendant shall disclose all assets and liabilities to the probation office. The defendant shall not transfer, sell, give away, or otherwise convey any asset, without first consulting with the probation office.

The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or obtaining a loan without approval of the defendant's U.S. Probation Officer.

The defendant's employment must be approved in advance by the probation officer. The defendant may not engage in any paid occupation or volunteer service that exposes him/her, either directly or indirectly, to minors, unless approved in advance by the probation officer.

The defendant shall not be self-employed nor shall the defendant be employed by friends, relatives, associates or persons previously known to the defendant, unless approved by the U.S. Probation Officer. The defendant will not accept or begin employment without prior approval by the U.S. Probation Officer and employment shall be subject to continuous review and verification by the U.S. Probation Office. The defendant shall not work for cash and the defendant's employment shall provide regular pay stubs with the appropriate deductions for taxes.

The defendant shall not obtain or possess any driver's license, social security number, birth certificate, passport or any other form of identification in any other name other than the defendant's true legal name, without the prior written approval of the defendant's Probation Officer.

The defendant shall cooperate with and furnish financial information and statements to the Internal Revenue Service to determine all taxes due and owing, including interest and penalties, and shall file any past tax returns in a timely manner. The defendant shall pay in full any outstanding tax liability once assessed, including interest and penalties, or enter into an installment payment plan with Collection Division of the Internal Revenue Service.

The defendant shall have no contact with convicted felons, including co-defendants for the term of supervised release unless authorized by the probation office.

AO245D    (Rev. 09/11) Judgment in a Criminal Case For Revocations
           Sheet 5 — Criminal Monetary Penalties

Judgment — Page 5 of 10

**DEFENDANT:** Charles Joseph Fain
**CASE NUMBER:** 3:01CR05120BHS-001

## CRIMINAL MONETARY PENALTIES

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 1,100 | $ | $ 1,306,900 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.
    If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| [redacted] | | | |
| [redacted] | | | |
| [redacted] | | | |
| [redacted] | | | |
| **TOTALS** | $ 1,306,900 | $ 1,306,900 | |

☐ Restitution amount ordered pursuant to plea agreement $ ~~1,306,900~~ acs

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
    ☒ the interest requirement is waived for the    ☐ fine    ☒ restitution
    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

☒ The court finds the defendant is financially unable and is unlikely to become able to pay a fine and, accordingly, the imposition of a fine is waived.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:       **Charles Joseph Fain**
CASE NUMBER:     3:01CR05120BHS-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

☒ PAYMENT IS DUE IMMEDIATELY. Any unpaid amount shall be paid to
Clerk's Office, United States District Court, 700 Stewart Street, Seattle, WA 98101.

- ☒ During the period of imprisonment, no less than 25% of their inmate gross monthly income or $25.00 per quarter, whichever is greater, to be collected and disbursed in accordance with the Inmate Financial Responsibility Program.

- ☒ During the period of supervised release, in monthly installments amounting to not less than 10% of the defendant's gross monthly household income, to commence 30 days after release from imprisonment.

- ☐ During the period of probation, in monthly installments amounting to not less than 10% of the defendant's gross monthly household income, to commence 30 days after the date of this judgment.

The payment schedule above is the minimum amount that the defendant is expected to pay towards the monetary penalties imposed by the Court. The defendant shall pay more than the amount established whenever possible. The defendant must notify the Court, the United States Probation Office, and the United States Attorney's Office of any material change in the defendant's financial circumstances that might affect the ability to pay restitution.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program are made to the United States District Court, Western District of Washington. For restitution payments, the Clerk of the Court is to forward money received to the party(ies) designated to receive restitution specified on the Criminal Monetaries (Sheet 5) page.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

JOINT & SEVERAL WITH CO-DEFENDANT CATHERINE COOLEY

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

O 245B (3/95) Sheet 5, Part A1 - Criminal Monetary Penalties

Defendant: CHARLES J. FAIN, JR.
Case Number: CR01-5120JET-001

Judgment—Page 7 of 10

## RESTITUTION

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| William & Charlene Borders<br>116 Harrand Creek Drive<br>Enterprise, AL 36330 | $ 9,000 | $ 9,000 | 0.69 |
| Joseph & Lois Cancellare<br>7257 Orizaba Avenue<br>El Paso, TX 79912 | $ 13,850 | $ 13,850 | 1.06 |
| James Hilburn<br>812 5th Avenue<br>Puyallup, WA 98372 | $ 7,500 | $ 7,500 | 0.57 |
| John L. Hovey<br>6250 South Commerce Court<br>Tucson, AZ 85746 | $ 22,500 | $ 22,500 | 1.72 |
| Pacific Coast Investments<br>801 Second Avenue, Suite 315<br>Seattle, WA 98104 | $ 7,000 | $ 7,000 | 0.54 |
| Alvin Rankiin<br>c/o 7001 Citrine Lane<br>Lakewood, WA 98498 | $ 8,000 | $ 8,000 | 0.61 |
| Pasty Clever Rivera<br>68277 Mill Creek Road<br>Cove, OR 97824 | $ 8,000 | $ 8,000 | 0.61 |
| George E. Rogers<br>3926 E. Shaw Butte Drive<br>Phoenix, AZ 85028 | $ 8,750 | $ 8,750 | 0.67 |
| Rodney & Betty Strong<br>7438 South Asotin<br>Tacoma, WA 98408 | $ 8,000 | $ 8,000 | 0.61 |
| Dane A. Armstrong<br>998 Madrona Lane<br>Friday Harbor, WA 98250 | $ 6,000 | $ 6,000 | 0.46 |
| Commonwealth Title<br>(payoff to Dane Armstrong)<br>1120 Pacific Avenue<br>Tacoma, WA 98402<br>Attn: Hung Nguyen | $ 44,000 | $ 44,000 | 3.37 |

AO 245B (3/95) Sheet 5, Part A1 - Criminal Monetary Penalties

| Defendant: | CHARLES J. FAIN, JR. | Judgment–Page 8 of 10 |
| Case Number: | CR01-5120JET-001 | |

## RESTITUTION (CONT'D)

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| John & Ruth Affolter<br>1822 152d Avenue NE, #109<br>Bellevue, WA 98007 | $ 15,000 | $ 15,000 | 1.15 |
| Betty Kerney<br>28005 44th Avenue NE<br>Arlington, WA 98223 | $ 50,000 | $ 50,000 | 3.82 |
| David Platt<br>510 Panoramic Drive<br>Camano Island, WA 98282 | $150,000 | $150,000 | 11.48 |
| William Eastman & Company<br>299 Madison Avenue North<br>Bainbridge Island, WA 98110 | $191,400 | $160,400 | 12.27 |
| Wilma Mallicoat<br>510 South L Street<br>Tacoma, WA 98405 | $178,000 | $178,000 | 13.62 |
| Fidelity National Title Co.<br>(payoff to Wilma Mallicoat)<br>Attn: Jacqueline J. Gibson<br>17911 Von Karman Ave., Suite 300<br>Irvine, CA 92614 | $190,000 | $190,000 | 14.54 |
| State Farm Fire & Casualty Co.<br>(payoff to Wilma Mallicoat)<br>P. O. Box 447<br>Dupont, WA 98327<br>   Claim No. 47-N022-127 | $ 10,000 | $ 10,000 | 0.77 |
| Pacific Northwest Title<br>(payoff to Alex Shulman)<br>215 Columbia Street<br>Seattle, WA 98104 | $144,000 | $144,000 | 11.02 |
| Daniel Paris<br>18110 SE 372d Street<br>Auburn, WA 98092 | $320,750 | $121,150 | 9.27 |

AO 245B (3/95) Sheet 5, Part A1 - Criminal Monetary Penalties

Defendant: CHARLES J. FAIN, JR.
Case Number: CR01-5120JET-001

Judgment--Page 9 of 10

## RESTITUTION (CONT'D)

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Commonwealth Title (payoff to Daniel Paris) 1120 Pacific Avenue Tacoma, WA 98402 Attn: Hung Nguyen | $ 60,750 | $ 60,750 | 4.65 |
| Fireman's Fund Insurance (payoff to Daniel Paris) Attn: Phil Dodaro 200 West Adams, Suite 430 Chicago, IL 60606 | $ 85,000 | $ 85,000 | 6.50 |
| TOTAL | $1,537,500 | $1,306,900 | 100.00 |

AO 245B (3/95) Sheet 5, Part A1 - Criminal Monetary Penalties

Defendant:      CHARLES J. FAIN, JR.                                  Judgment--Page 10 of 10
Case Number:    CR01-5120JET-001

## RESTITUTION (CONT'D)

Pursuant to 18 U.S.C. § 3663(b)(1)(A) and 18 U.S.C. § 3663A(b)(1)(A), defendants Charles Fain and Catherine Cooley shall return the following properties to the below-identified owners or to their heirs or assigns. To facilitate return of these properties defendants shall sign, execute, enter and record any related documents presented to them by the below-listed individuals, their estates, assigns or other representative. If such properties are returned free of any and all encumbrances or liens, defendants shall receive an offsetting credit for the listed value of the property. If any properties are returned subject to any encumbrances or liens, the defendants' offsetting credit shall be reduced by that amount, and by any costs associated with removing, paying or otherwise settling those encumbrances or liens.

| Name | Property | Value |
|---|---|---|
| William & Charlene Borders<br>116 Harrand Creek Drive<br>Enterprise, AL 36330 | Lot 21 Ketron Island Estates located in<br>Pierce County, Washington | $ 9,000 |
| Joseph & Lois Cancellare<br>7257 Orizaba Avenue<br>El Paso, TX 79912 | Lot 8, Block 3, Tract A Ketron Sunrise located in<br>Pierce County, Washington | 13,850 |
| James Hilburn<br>812 5th Avenue<br>Puyallup, WA 98372 | Lot 43 Ketron Island Estates located in<br>Pierce County, Washington | 7,500 |
| John L. Hovey<br>6250 South Commerce Street<br>Tucson, AZ 85746 | Lot 22, Block 5, Tract B Ketron Sunset located in<br>Pierce County, Washington | 22,500 |
| Pacific Coast Investments<br>801 Second Avenue<br>Seattle, WA 98104 | Lot 38, Block 4, Tract B Ketron Sunset located in<br>Pierce County, Washington | 7,000 |
| Alvin Rankin<br>c/o 7001 Citrine Lane<br>Lakewood, WA 98498 | Lot 5, Block 4, Tract B Ketron Sunset located in<br>Pierce County, Washington | 8,000 |
| Patsy Clever Rivera<br>68277 Mill Creek Road<br>Cove, OR 97824 | Lot 55, Ketron Island Estates located in<br>Pierce County, Washington | 8,000 |
| George E. Rogers<br>3926 E. Shaw Butte Drive<br>Phoenix, AZ 85028 | Lot 15, Block 4, Tract B Ketron Sunset located in<br>Pierce County, Washington | 8,750 |
| Rodney & Betty Strong<br>7438 South Asotin<br>Tacoma, WA 98408 | Lot 7, Block 5, Tract B Ketron Sunset located in<br>Pierce County, Washington | 8,000 |
| | TOTAL | 92,600 |